**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

CHRISTOPHER J. STEPHENS,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CAUSE NO. 3:07-CV-370-TS
                                    )
JESSICA SUE SLUSS,                  )
                                    )
            Defendant.              )


**OPINION AND ORDER**

The Court denied the Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed

this complaint [DE 4] pursuant to 28 U.S.C. §1915(e)(2). The Plaintiff has now filed a motion for

relief from judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure.

The Court began its opinion and order dismissing the complaint by stating that "Christopher

J. Stephens, a former Indiana resident who now resides in Georgia, filed a *pro se* complaint naming

Jessica Sue Sluss, a resident of Elkhart, Indiana, as the Defendant." (DE 4.) In his motion for relief

from the order, the Plaintiff asserts that "the court has made a grave error" because he "has never

been or never will be a former Indiana resident. Plaintiff has always resided in the state of Georgia."

In his complaint, the Plaintiff stated that he "is broke due to 8 month arrest and detention in

[the] Elkhart County Jail Complex." (DE 1.) Elkhart County is in Indiana. Georgia has no Elkhart

County. Moreover, the question of whether or not the Plaintiff is a former Indiana resident is

irrelevant to the grounds on which the Court dismissed this complaint.

The Plaintiff's complaint sought to remove a child support case and a criminal prosecution

pending in the Elkhart Superior Court to this Court. The Court dismissed the complaint because the

Plaintiff did not meet any of the procedural requirements set forth in 28 U.S.C. § 1446 for removing

a case from state court and because substantively, his state child support case cannot be removed

to this Court because a party may only remove a case from state court where the federal courts have

"original jurisdiction." 42 U.S.C. § 1441(a). Substantively, the Plaintiff's criminal case is also not

subject to removal pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37,

53 (1971). Accordingly, while the Plaintiff's complaint establishes that he did reside in Indiana for

at least eight months, his past or present residence has no bearing on the dismissal of his complaint.

For the foregoing reasons, the Court DENIES the Plaintiff's motion to correct error (DE 6).

SO ORDERED on November 5, 2007.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT